IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINCOLN KEITH, | ) | |
|      Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-2444-C-BF |
| | ) | |
| LORIE DAVIS, Director, TDCJ-CID, | ) | |
|      Respondent. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636 (b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID").  He filed this petition for writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner does not challenge the validity of his underlying conviction and sentence.  Instead, he challenges a prison disciplinary violation, number 20160131804, in which he was convicted of possession of a cell phone charger while incarcerated.  For the foregoing reasons, the petition should be denied.

On January 8, 2016, Petitioner was found guilty of the disciplinary offense.  Punishment was assessed at forty-five days loss of  commissary privileges, forty-five days loss of phone

Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1

privileges, a reduction in line-class status, a reduction in custody status, and loss of 30 days of good-time credit.

On August 19, 2016, Petitioner filed the instant § 2254 petition.  He argues there was no evidence to support the disciplinary conviction.

II.

**1.      Good-Time Credits**

Petitioner challenges the loss of his good-time credits.  Prisoners charged with disciplinary violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action results in a sanction that infringes on a liberty interest.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In Texas, only those sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge on a protected liberty interest.  *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

In this case, Petitioner is not eligible for release to mandatory supervision.  Petitioner was previously convicted of capital murder and was sentenced to life in prison.  The mandatory supervision statute in effect at the time Petitioner committed capital murder stated that an inmate is ineligible for mandatory supervision if the inmate was incarcerated for capital murder.  TEX. Gov't Code § 42.18 sec. 8(c) (West 1994).  Since Petitioner is ineligible for mandatory supervised release, the loss of good-time credits did not implicate a protected liberty interest. *Malchi*, 211 F.3d at 956-58.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

2.        **Remaining Claims**

Petitioner also challenges the loss of commissary privileges, reduction in line

classification, loss of phone privileges, and demotion in custody status.  These claims, however,

do not implicate a protected constitutional interest.  *See Madison v. Parker*, 104 F.3d 765, 768

(5th Cir. 1997) (stating commissary and cell restrictions do not impose a significant or atypical

hardship on the inmate in relation to the ordinary incidents of prison life); *Luken v. Scott*, 71 F.3d

192, 193 95th Cir. 1995) (stating reductions in line-class status do not implicate due process

concerns); *Hernandez v. Velasquez*, 522 F.3d 556, 562-64 (5th Cir. 2008) (finding that in the

absence of extraordinary circumstances, administrative segregation does not impose atypical and

significant hardship required to trigger due process protection); *Allums v. Phillips*, 444 Fed.

Appx. 840, 841 (5th Cir. 2011) ("Placement in administrative segregation or a change in custodial

classification as a result of a disciplinary infraction, without more, does not constitute a

deprivation of a constitutionally cognizable liberty interest, and, therefore, there is no right to due

process.").  Petitioner's claims should be denied.

III.

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 be DENIED.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

Signed this 8th  day of January, 2018.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific.  Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 5**