IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LINCOLN KEITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| LORIE DAVIS, *Director, TDCJ-CID*, ) | |
| ) | |
| Respondent. ) | Civil Action No. 3:16-CV-2444-C-BT |

## **ORDER**

On this day, the Court considered Petitioner Lincoln Keith's petition for writ of habeas corpus under 28 U.S.C. § 2254, filed August 23, 2016. The United States Magistrate Judge entered his Findings, Conclusions, and Recommendation on January 8, 2018, recommending that the petition be denied.[1] Keith filed objections on January 23, 2018, and the Court finds that the objections should be accepted as timely.

As noted by the Magistrate Judge, Keith does not challenge the validity of his state conviction or sentence but brings this action to challenge a prison disciplinary violation. The Magistrate Judge found that Keith's loss of good-time credits did not implicate a protected liberty interest because Keith is not eligible for release to mandatory supervision, *see Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000), and that Keith's remaining complaints about the loss of commissary privileges, reduction in line classification, loss of phone privileges, and demotion in custody status do not implicate a protected constitutional interest.

---

[1]The Findings, Conclusions, and Recommendation were entered by United States Magistrate Judge Paul D. Stickney. Subsequently, this case was reassigned to United States Magistrate Judge Rebecca Rutherford.

Keith's only objection is that the Magistrate Judge erred in determining that the loss of good-time credits does not implicate a liberty interest because, mandatory supervision eligibility notwithstanding, Keith asserts that his unwarranted prison violation and subsequent sanctions will be used by the Board of Pardons and Paroles to deny him parole in the future. This objection is **OVERRULED** because "it is entirely speculative whether a prisoner will be released on parole," thus "there is no constitutional expectancy of parole in Texas." *Malchi*, 211 F.3d at 957.

The Court has conducted a *de novo* review of the Findings, Conclusions, and Recommendation and finds no error. It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court. Accordingly, the above-styled and -numbered petition under 28 U.S.C. § 2254 is **DENIED**.

All relief not expressly granted by this Order is **DENIED**. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. Petitioner has failed to show that a reasonable jurist would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED this 31st day of January, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE